UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  SUNLAND, INC., a New Mexico Corporation,                    Case No. 13-13301-t7
        EIN 85-0365109,

            Debtor.

**TRUSTEE'S MOTION FOR ORDERS (A) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS, SUBJECT TO HIGHER AND BETTER OFFERS, (B) ESTABLISHING BIDDING PROCEDURES, (C) APPROVING BREAK-UP FEE, AND (D) APPROVING <u>SURCHARGE FOR TRUSTEE'S FEES, COMMISSION, AND COSTS</u>**

Clarke C. Coll, Chapter 7 Trustee ("Trustee"), by and through his counsel of record, Walker & Associates, P.C. (Thomas D. Walker and Leslie D. Maxwell), for his *Motion for Orders (A) Authorizing Sale of Assets Free and Clear of All Liens, Claims and Interests, Subject to Higher and Better Offers, (B) Establishing Bidding Procedures, (C) Approving Break-up Fee, and (D) Approving Surcharge for Trustee's Fees, Commission, and Costs* ("Motion"), states:

## <u>BACKGROUND</u>

1. The Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157(a), (b)(1), and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(N) and (O). Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. On October 9, 2013 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Trustee was appointed and is duly qualified and acting Chapter 7 trustee in this case.

4. The Trustee believes that the sale of substantially all of the Estate's assets for the highest obtainable consideration is in the best interests of the bankruptcy estate ("Estate"), the

creditors and other parties in interest.

5. The Trustee and Ready Roast Nut Company, LLC, a California Limited Liability Company ("Buyer") have entered into an Asset Purchase Agreement, in substantially the form attached hereto as Exhibit A (the "Asset Purchase Agreement"). Pursuant to the terms of the Asset Purchase Agreement, which are subject to the approval of this Court, Buyer has agreed to purchase and Trustee has agreed to sell the assets which are more fully described as attached to the Asset Purchase Agreement (the "Acquired Assets").

6. By this Motion, Trustee requests the following:

    a. Entry of an order in substantially the form attached hereto as Exhibit B (the "Bidding Procedures Order") approving the Bidding Procedures as defined below;

    b. Entry of an order in substantially the form attached hereto as Exhibit C (the "Sale Order");

    c. That the Court authorize the Trustee to sell the Acquired Assets free and clear of all liens, claims and interests (i) to Buyer pursuant to the Asset Purchase Agreement or, (ii) alternatively, in the event that the Court approves a higher and better offer from a party not affiliated with Buyer, to such other party and to pay the Break-Up Fee to Buyer as provided in the Bidding Procedures;

    d. That the Court approve a surcharge pursuant to Section 506(c) from the proceeds of the sale of the Acquired Assets to pay the Trustee's compensation for services plus applicable gross receipts taxes and ad valorem property taxes, and the reasonable, necessary costs and expenses of preserving and disposing of the Acquired Assets and the Trustee's attorneys' fees, accounting fees, other professional fees, costs of liquidation, wages, and taxes (the "Trustee's Allowed Administrative Claims");

e. That the Court authorize the Trustee to take each of those steps outlined in the Successful Bidder's form of purchase contract, to close the sale;

f. That the Court make a determination that Buyer is a good faith purchaser as defined in Section 363(m) of the Bankruptcy Code; and

g. That the Sale Order not be stayed pursuant Rule 6004(h) so that the Trustee and the Buyer or Successful Bidder may close the sale immediately.

## SALE NEGOTIATION PROCESS

7. The offer submitted by Buyer for the Acquired Assets is the highest and best of the proposals that the Trustee has received for the Acquired Assets.

8. The sale of the Acquired Assets to Buyer under the Asset Purchase Agreement is the product of substantial negotiations between the Buyer and the Trustee.

## THE PROPOSED SALE

9. Buyer proposes to purchase the Acquired Assets for a purchase price in the amount of $18,500,000.00 (the "Buyer's Price"), subject to certain terms and conditions set forth in the Asset Purchase Agreement (the "Proposed Sale"). The anticipated net proceeds of the Proposed Sale (the "Sale Proceeds") exceed the claims secured by the Acquired Assets.

10. The Debtor owes not less than $14,054,585.34 to CoBank, ACB ("CoBank") and to CoBank as agent for Production Credit Association of Southern New Mexico, a wholly owned subsidiary of Farm Credit of New Mexico, ACA ("PCA") (together "Lenders") according to their proof of claim (Claims Register No. 110).

11. The Proposed Sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with Section 363(m) of the Bankruptcy Code. The closing of the Proposed Sale ("Closing") is to occur upon satisfaction or waiver of the various conditions to

closing set forth in Article III of the Asset Purchase Agreement.

## APPROVAL OF BIDDING PROCEDURES

12. The Trustee requests approval of the procedures governing the submission of any bids by parties interested in purchasing the Acquired Assets as attached hereto as <u>Exhibit D</u> (the "Bidding Procedures"). The Bidding Procedures, coupled with the Trustee's extensive communications with interested parties, ensure that the Acquired Assets have been properly exposed to the market and are in the best interests of the Estate.

## APPROVAL OF BREAK-UP FEE

13. In consideration of Buyer's agreement to be bound by the terms of the Asset Purchase Agreement, the Trustee has agreed, subject to Court approval, to pay a break-up fee to Buyer as provided by the Bidding Procedures. In summary, in the event that the Court enters an Order authorizing the sale of the Acquired Assets to an entity other than Buyer or its assigns, Buyer shall be entitled to a break-up fee in the amount of 3% of the Successful Bid, as defined in the Bidding Procedures, not to exceed $500,000.00 ("Break-Up Fee").

14. The Break-Up Fee is reasonable in amount and would fairly compensate Buyer for the substantial time and effort it has invested and the risks it has assumed and for time and effort that Buyer will incur prior to the Sale Hearing in performing additional due diligence.

## APPROVAL OF SALE OF ASSETS UNDER §363(b)(1) OF THE BANKRUPTCY CODE

15. The Trustee requests that the Court authorize the sale of the Acquired Assets pursuant to Section 363(b)(1) of the Bankruptcy Code free and clear of all liens, claims, and interests with such liens, claims, and interests to attach to the sale proceeds.

16. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing. A sale of assets

outside the ordinary course of business is a matter within the Court's discretion. Courts generally permit a debtor to sell property of the estate outside the ordinary course where the proposed sale is a sound exercise of the Trustee's business judgment and when such sale is for fair and reasonable consideration and is in good faith.

17. The Trustee has determined that, in his business judgment, the Proposed Sale of the Acquired Assets to Buyer in accordance with the terms of the Asset Purchase Agreement (or to the Successful Bidder in accordance with the proposed Bidding Procedures) is in the best interest of the Estate and creditors. The sale of the Acquired Assets to the Buyer or Successful Bidder is for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Estate.

18. The Trustee seeks a determination that the Buyer has acted in good faith, as that term is used in Sections 363(m) of the Bankruptcy Code.

## APPROVAL OF SALE FREE AND CLEAR OF ALL LIENS

19. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. Trustee requests that the sale of the Acquired Assets be free and clear of all liens, claims, and interests with any such liens, claims, and interests to attach to the net sale proceeds with the same validity, priority, and to the extent that such liens, claims and interests had on the Acquired Assets prior to the closing of the sale.

20. Grounds exist under Section 363(f) of the Bankruptcy Code for a sale of the Acquired Assets free and clear of liens, claims and interests. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

5

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

21. The proposed sale is in the best interests of the Estate, creditors, and other parties in interest and should be approved.

## APPROVAL OF SURCHARGE FOR TRUSTEE'S ALLOWED ADMINISTRATIVE CLAIMS

22. Trustee filed his Amended Motion to Approve Trustee's Commission, Carve Out of Trustee's Fees and Reimbursement of Costs on November 26, 2013 (Doc. No. 221)(the "Carve Out Motion"). On December 23, 2013, the Court continued the preliminary hearing on the Carve Out Motion to February 24, 2014 (Doc. No. 259).

23. The Trustee renews and incorporates the relief requested in the Carve Out Motion. The Court should authorize the Trustee to withhold from amounts otherwise payable to Lenders, amounts sufficient to pay the Trustee's Allowed Administrative Claims.

24. The Trustee's Allowed Administrative Claims are recoverable under 11 U.S.C. §506(c) as reasonable, necessary costs and expenses of preserving, or disposing of the Acquired Assets. The Trustee's Allowed Administrative Claims were incurred to maximize the value of the Acquired Assets to the Estate, resulting in proceeds sufficient to pay the Lenders in full and have, therefore, benefitted the Lenders.

WHEREFORE, the Trustee respectfully requests:

A. That the Court (i) approve the Bidding Procedures, and (ii) enter the Bidding Procedures Order;

B. That the Court enter the Sale Order following the Sale Hearing or, alternatively, if

no Qualified Bids are received per the terms of the approved Bidding Procedures, enter the Sale Order without further hearing;

C. That the Court authorize the Trustee to sell the Acquired Assets free and clear of all liens, claims and interests (i) to Buyer pursuant to the Asset Purchase Agreement or, (ii) alternatively, in the event that the Court approves a higher and better offer from a party not affiliated with Buyer, to such other party and to pay the Break-Up Fee to Buyer as provided in the Bidding Procedures;

D. That the Court approve a surcharge pursuant to Section 506(c) from the proceeds of the sale of the Acquired Assets to pay the Trustee's Allowed Administrative Claims;

E. That the Court authorize the Trustee to take each of those steps outlined in the Successful Bidder's form of purchase agreement, to close the sale;

F. That the Court make a determination that Buyer is a good faith purchaser as defined in Section 363(m) of the Bankruptcy Code; and

G. That the Sale Order not be stayed pursuant to Rule 6004(h), so that the Trustee and the Buyer or Successful Bidder may close the sale immediately.

Respectfully submitted,

WALKER & ASSOCIATES, P.C.
/s/ filed electronically 1/31/14
Thomas D. Walker
Leslie D. Maxwell
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
e-mail: twalker@walkerlawpc.com
e-mail: lmaxwell@walkerlawpc.com
*Attorneys for Trustee Clarke C. Coll*

I hereby certify that, on January 31, 2014,
in accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), a true copy of the
foregoing was served via the Court's CM/ECF
notification facilities to those parties who are
registered CM/ECF participants in this case.

s/ filed electronically 1/31/14
Leslie D. Maxwell