UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SUNLAND, INC., No. 13-13301-tr7

    Debtor.

## MEMORANDUM OPINION

Before the Court is the Chapter 7 Trustee's motion for summary judgment that John L. Saylor's ("Saylor's") proof of claim be disallowed because it was filed late and lacks appropriate supporting documentation. Mr. Saylor does not dispute the late filing but argues that he did not receive notice of the bar date, so his due process rights prevent disallowance. Saylor also amended his proof of claim in an attempt to address the lack of documentation. For the reasons set forth below, the trustee's motion will be granted in part.

### I.     FACTS

For the purpose of ruling on the motion the Court finds that the following facts are not in genuine dispute:[1]

Sunland, Inc. ("Debtor") filed a voluntary Chapter 7 case on October 9, 2013, including a petition, all bankruptcy schedules, and a statement of financial affairs. Schedule E contains the following names and addresses:

---

[1] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr.N.D.Ill.2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

John Saylor
Muleshoe State Bank
320 Cammry Rd DD[2]
Farwell, TX 79325

Saylor Investments, Inc.
Muleshoe State Bank
380 County Road 44
Muleshoe, TX 79347-6052

These addresses also appeared in the original mailing matrix for the case. Saylor Investments, Inc.'s ("SII's") address (the "Muleshoe Address") is correct. Saylor's address (the "Farwell Address"), on the other hand, is wrong; Saylor's correct address is the Muleshoe Address.

Saylor is the President and owner of SII. SII and Saylor are creditors of the Debtor. SII and Saylor each contracted to grow and sell peanuts to Debtor.

The Bankruptcy Noticing Center ("BNC") served a Notice of Chapter 7 Bankruptcy Case on October 10, 2013 on the creditor matrix. Notices were addressed and mailed to SII and Saylor at their respective addresses set out above. Saylor received the notice addressed to SII at the Muleshoe Address, but did not receive the notice addressed to him at the Farwell Address.

Although Saylor knew the Debtor had filed bankruptcy (because he received SII's notice, as president of SII), he did not file a request for notice or inquire why he had not received a notice addressed to him personally.

On November 18, 2013, the Chapter 7 trustee entered on the docket a Report of Assets. Two days later the Court Clerk prepared and filed a Notice of Possible Dividend, together with the updated creditor mailing matrix.

---

[2] Among other problems, it appears likely that "Cammry Road DD" was supposed to be "County Road DD."

-2-

Case 13-13301-t7    Doc 850    Filed 07/17/15    Entered 07/17/15 14:12:08 Page 2 of 11

The BNC mailed out this second notice on November 22, 2013. A notice was mailed to SSI at the Muleshoe Address, and also to Saylor at the Farwell address. Once again, service on the Farwell address was incorrect, and Saylor did not receive it. He did, however, receive the notice addressed to SII. The notice specified that non-governmental creditors had to file proofs of claim within 90 days of service (i.e. February 21, 2014).[3] Neither Saylor nor SII filed a proof of claim by the bar date.

On March 13, 2014, Debtor filed an amended Schedule E which, inter alia, corrected Saylor's address to the Muleshoe Address. On the same date Debtor served on Saylor at the Muleshoe Address a Notice of Bankruptcy Case, Meeting of Creditors, and Deadlines (§ 341 Notice) Given to Parties. Included with this third notice was the notice of bar date (which had passed by then).

On May 30, 2014, Saylor and SII filed proofs of claim for $28,732.42 and $8,397, respectively. Both were signed by Saylor, and both listed the Muleshoe, Texas address.

## II. DISCUSSION

A. Summary Judgment Standards.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue

---

[3] The notice stated that "In order to share in any payment from the estate, you must file a proof of claim with the clerk by the indicated deadline: (a) for creditors who are not governmental units: not later than 90 days after the date of service of this notice." The notice was in an envelope addressed to SII, but the notice itself did not mention any particular creditor.

-3-

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

To deny a motion for summary judgment, genuine fact issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson*, 477 U.S. at 251; *Vitkus*, 11 F.3d at 1539.

B. <u>Saylor's Proof of Claim is Untimely</u>.

Fed. R. Bankr. P. 3002(a) requires that an unsecured creditor "file a proof of claim . . . for the claim or interest to be allowed." Rule 3002(c) provides:

> (c) <u>Time for Filing</u>. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
>
> (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or

-4-

60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Here, the bar date notice complied with Rule 3002(c)(5) and gave creditors 90 days from the date of notice to file claims. There is no dispute that the bar date was February 21, 2014, nor that Saylor failed to file a timely claim.

C.   Saylor's Due Process Rights Were Observed.

Saylor alleges that the disallowance of his claim would violate his due process rights

-5-

because he did not get notice of the bar date.[4] That argument fails.

In business Chapter 11 cases, actual knowledge of the bankruptcy case may not be sufficient to afford creditors due process; it may also be necessary to give creditors actual notice of the claims bar date. *See City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953); *Rowe Int'l, Inc., v. Herd (In re Herd)*, 840 F.2d 757, 759 (10th Cir. 1988); *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832, 835 (11th Cir. 1989).

The case is altered for individual Chapter 11 debtors because § 523(a)(3)[5] comes into play (the section only applies to individual debtors). Section 523(a)(3) states that a debt is not discharged if it is:

> [N]either listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, or the creditor to whom such debt is owed, in time to permit—
>     (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; . . .

The language "unless such creditor had notice or actual knowledge of the case in time for such timely filing" has been interpreted to burden the creditor with inquiry notice if it receives actual notice of a bankruptcy case. *See Byrd v. Alton (In re Alton)*, 837 F.2d 457, 460–61 (11th Cir. 1988) (§ 523(a)(3) places a burden of inquiry on the creditor with actual knowledge of a bankruptcy case); *In re Simpkins,* 448 B.R. 84, 90–91 (Bankr. N.D. Ga. 2011) (analyzing and contrasting *Spring Valley Farms* and *Alton*). When § 523(a)(3) applies, creditors cannot insist on receiving a separate notice of the bar date; they must file a timely proof of claim if they get actual notice of the bankruptcy case. *See, e.g., Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854, 857 (7th Cir. 1989); *Chanute Prod. Credit Assoc. v. Schicke (In re Schicke)*, 290 B.R.

---

[4] Saylor admits he received actual notice of the bankruptcy case.
[5] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

-6-

792, 800 (10th Cir. BAP 2003), *aff'd*, 97 Fed. Appx. 249 (10th Cir. 2004); *Withers v. Utah Sheet Metal Worker's Trust Funds (In re Withers)*, NO. 13-2096 2015 WL 1545932, at *4 (Bankr. D. Utah 2015).

Section 726(a)(2)(C) is the counterpart to § 523(a)(3)(A) for Chapter 7 cases, and the pertinent language of the two sections is identical. Section 726(a)(2)(C) has been held to impose upon Chapter 7 creditors a similar burden of inquiry as that imposed by § 523(a)(3)(A) on creditors in individual Chapter 11 cases. *See Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir. 1990) (creditor with notice of the bankruptcy case, knowing it was not on the creditor list, had a duty to appear and receive statutory notice); *Shawnee State Bank v. First National Bank of Olathe (In re Winders)*, 201 B.R. 288, 291 (D. Kan. 1996); *In re Simpkins*, 448 B.R. at 91-92 (§ 726(a)(2) imposes the same duty as § 523(a)(3)); *In re Rivas*, No. 08-12333 2012 WL 122410 at *2 (Bankr. E.D. Tenn. 2012) (creditors with actual knowledge of a Chapter 7 case in time to file a claim before the bar date must timely file claim or it will be subordinated; notice of the bar date not required); *In re DV8, Inc.*, 435 B.R. 738, 741 (Bankr S.D. Fla. 2010) (same); *Ford Bus. Forms, Inc. v. Sure Card, Inc. (In re Ford Bus. Forms, Inc.)*, 180 B.R. 294, 297–98 (S.D. Fla. 1994) (same).

An unsecured creditor that files a late claim "will be paid at the same time as unsecured creditors who filed timely claims as long as (1) the creditor did not have 'notice or actual knowledge of the case' in time to file a timely claim and (2) proof of the claim is filed before distribution occurs." *In re Coastal Alaska Lines*, 920 F.2d at 1433 (citing § 726(a)(2)(C).

When a creditor knows of a debtor's Chapter 7 case and knows the debtor failed to list him on the mailing matrix, it is the creditor's responsibility to ensure he gets listed. *Schlant v. FDIC*

-7-

*(In re P&L Credit and Collection Servs., Inc.)*, 248 B.R. 32, 36 (Bankr. W.D.N.Y. 2000).

Even more to the point here, in cases under any chapter, actual knowledge of the bar date, combined with actual knowledge of the bankruptcy case, is more than enough to provide due process. *See Borsdorf v. Fairchild Aircraft Corp. (In re Fairchild Aircraft Corp.)*, 128 B.R. 976, 985 (Bankr. S.D. Tex. 1991) (while notice of bankruptcy case alone is insufficient in business Chapter 11 case, actual notice of the case filing and the bar date is sufficient). *See also Torrez v. Dickinson (In re Dickinson)*, 242 F.3d 388, at *2 (10th Cir. 2000) (affirming disallowance of late claim of a creditor who had actual knowledge of the bar date); *Shain v. Johnson (In re Johnson)*, 504 Fed. Appx. 378, 379 (6th Cir. 2012) (actual knowledge of bar date sufficient); *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004) (since creditor had actual knowledge of bar date, failure to file timely claim was a "self-inflicted wound").

Here, Saylor received actual notice of the bar date, through receipt of the notice sent to SII. Even though such notice probably was not required at all, given the case law cited above on § 726(a)(3), Saylor clearly had a duty to get his claim on file timely.[6]

Further, SII also failed to file a timely proof of claim. This casts doubt on Saylor's argument that he did not to file a timely claim because he lacked notice.

---

[6] Saylor's argument that he was confused by the notices is unpersuasive. In his affidavit Saylor says that he personally did not receive a notice of the bankruptcy filing, but that SII received such a notice. He then implies, but does not admit, that SII received the bar date notice, which he read. Finally, he states that "I did not know that I could have filed John Saylor's claim based on the notice I received for Saylor Investments. The notice I received said: **"Please Do not File a Proof of Claim Unless You Receive a Notice to Do So."** True, that is what the first notice said, but the second notice, quoted above, required the filing of a claim and set a bar date. Saylor received both notices addressed to SII, and cannot ignore the second one. There should have been no confusion.

-8-

D.   Saylor's "Inequitable" Argument Fails.

Saylor also argues that "[i]n addition, it is unequitable [sic] to disallow Saylor's claim when he filed his proof of claim within 90 days and reasonably soon after receiving the notice of the dividend."  The argument is unavailing.

Here, extending the bar date is governed by Fed. R. Bankr. P. 3002(c), which identified specific exceptions to the general bar date rule.  None of the exceptions apply in Saylor's case. The "excusable neglect" basis for allowing late-filed claims in Chapter 11 cases, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993); does not apply in Chapter 7. *Pioneer*, 507 U.S. at 389 n. 4.  *See also In re Coastal Alaska Lines, Inc.*, 920 F.2d at 1432.

Bankruptcy courts have certain equitable powers under § 105(a).[7]  However, bankruptcy courts cannot exercise their equitable power to allow a late filed claim in Chapter 7 cases if no Rule 3002(c) exceptions applies.  *See, e.g.*, *In re S.A. Morris Paving Co.*, 92 B.R. 161, 163 (Bankr. W.D. Va. 1988) (court lacks equitable power to enlarge the time for filing a proof of claim unless one of the six situations in Rule 3002(c) exists); *In re Jemal*, 496 B.R. 697, 701 (Bankr. E.D.N.Y 2013); *In re Hyde*, 413 B.R. 719, 721 (Bankr. D. Idaho 2009) (applying Rule 3002(c) to a late filed claim in a Chapter 12 case); *In re Hayes*, 327 B.R. 453, 458 (Bankr. C.D. Cal. 2005).  *See also In re Dickinson*, 242 F.3d 388, at *2 (§ 105(a) should be used to vary the deadlines in the Bankruptcy Rules only to correct notice problems caused by the court); *Moushigian v. Marderosian*, 764 F.3d 123, 128 (1st Cir. 2014) (§ 105(a) should not be used to vary the deadlines in the Bankruptcy Rules); *American Express Centurion Bank v. Schoofs (In re Schoofs)*, 115 B.R. 1, 4 (Bankr. D.D.C. 1990) (court doubted whether § 105(a) could be used to override the Bankruptcy Rules).

---

[7] "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

This is consistent with the general rule, announced in *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014), that although "[s]ection 105(a) confers authority to 'carry out' the provisions of the Code," the Court may not do so "by taking action that the Code prohibits."

As the Court lacks power to grant equitable relief to extend Saylor's filing deadline, his claim must be subordinated pursuant to § 726(a)(2).

E.  <u>The Insufficient Supporting Documentation Argument Raises Fact Issues</u>.

The Trustee also argues that Saylor's claim should be disallowed because it lacks proper supporting documentation. After receiving the Trustee's objection, Saylor amended his proof of claim to include a "Statement as to Loss or Destruction of Documentation in Support of Proof of Claim No. 237-1." In the statement, Saylor states that the supporting documentation was in Debtor's possession, and that Saylor was not provided a copy. The Trustee has not responded to the statement. The Court finds that there is a fact issue about whether Saylor's documentation is sufficient. The Court therefore will deny the Trustee's motion that Saylor's (subordinated) claim be disallowed because of a lack of supporting documentation.

III.  <u>CONCLUSION</u>

The undisputed facts in this case demonstrate that Saylor had actual notice of both the bankruptcy case and the claims bar date, yet failed to file a timely proof of claim. Saylor was afforded full due process. Subordination of Saylor's claim pursuant to § 726(a)(3) is required, and the Court's equitable powers cannot be exercised to extend the filing deadline. Fact issues remain, however, about the documentation of Saylor's amended proof of claim, so summary judgment on that issue will be denied. A separate order consistent with this opinion will be entered.

-10-

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 17, 2015.

Copies to:

Thomas D. Walker
500 Marquette Ave. NW, #650
Albuquerque, NM 87102

Blair Saylor Oscarsson
P.O. Box 9620
Amarillo, TX 97105-9620

Clarke C. Coll
P.O. Box 2288
Roswell, NM 88202